# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2854 | **DATE** | August 9, 2004 |
| **CASE TITLE** | *Kohut v. TransUnion* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] CCB's motion to dismiss [14-1] is granted and TransUnion's motion to dismiss [14-1] is denied. Count I is dismissed without prejudice to the filing of an amended complaint withing 20 days of the date of this order, consistent with this order and counsel's Rule 11 obligations. Counts II and III shall stand. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 1 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 23 |
| ✓ | Copy to judge/magistrate judge. | | | |
| RTS/c | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NESTER KOHUT, )
    Plaintiff, )
  )
v. ) 04 C 2854
  )
TRANS UNION, LLC and CCB CREDIT )
SERVICES, INC., )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Nester Kohut believes that his credit report contains duplicate entries relating to a single debt and that the entries negatively impacted his credit rating. Defendant CCB is a collection agency which reported one of the allegedly duplicative debt listings to defendant TransUnion, a consumer credit reporting agency. According to Kohut, CCB wrongfully reported that debt and then TransUnion failed to ensure that Kohut's credit report reflected that the duplicate entries referred to the same debt.

Kohut's complaint, which is styled as a class action, asserts that TransUnion's actions violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and that CCB's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. The defendants have filed separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, CCB's motion to dismiss Count I (15 U.S.C. §§ 1692e and 1692e(10)) is granted and TransUnion's motion to dismiss Count II (15 U.S.C. § 1681e) and Count III (15 U.S.C. § 1681i) is denied.

23

I. **Background**

The following facts are drawn from Kohut's complaint and are accepted as true for the purposes of the motions to dismiss.[1] Kohut was distressed by duplicate entries on his credit report. He thus sued TransUnion, a consumer credit reporting agency, and CCB Credit Services, a collection agency that collects debts within the meaning of the FDCPA.

More specifically, Kohut's displeasure stemmed from the fact that TransUnion permits the reporting of more than one tradeline for a single debt without clear disclosure that both tradelines refer to the same debt.[2] This practice is detrimental to consumers as credit scoring systems assess the total number of tradelines when calculating credit scores. Pursuant to its policy regarding double tradeline listings, TransUnion reported two tradelines for the same debt allegedly owed by Kohut. Kohut then unsuccessfully tried to get the duplicate entry removed.

Debt collectors such as CCB are familiar with the practice of double reporting. They engage in their own version of double-reporting by reporting debts that have already been reported by the original creditor in order to magnify the effect of the debt on the consumer. With respect to Kohut, CCB intentionally reported a debt to TransUnion despite the fact that it knew that the original creditor had also reported this debt and that the debt was thus already listed on Kohut's credit report. This caused Kohut to feel pressured to pay the total amount requested, even though the debts were disputed, so he could clear his credit report.

---

[1] The court will not, however, consider the declaration attached to Kohut's motion to dismiss as it is clear beyond peradventure that the court cannot conduct an evidentiary hearing at the motion to dismiss stage.

[2] A "tradeline" is an entry for a debt which is listed in a consumer credit report.

-2-

In Count I, Kohut asserts that CCB violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10) by reporting a debt to TransUnion even though it knew that the debt had already been reported and that the likely effect of its actions would be a double listing of the same debt. In Count II, he contends that TransUnion violated the FCRA by failing to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," 15 U.S.C. § 1681e, by not taking reasonable measures to prevent duplicate listings of the same debt and making it appear that the duplicate listings were different debts. In Count III, Kohut alleges that TransUnion violated 15 U.S.C. § 1681i of the FCRA, which sets forth procedures for credit reporting agencies to follow when a consumer disputes a debt. Counts I and II are styled as class action claims, while Count III is brought by Kohut individually.

## II. Discussion

### A. Standard on 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

### B. CCB – FDCPA

Sections 1692e and 1692e(10) of the FDCPA both prohibit debt collectors from using false, deceptive, or misleading means to collect a debt.[3] According to Kohut, CCB violated §§ 1692e and 1692e(10) by reporting a debt to TransUnion when the original creditor (Household Bank) had already reported that debt. Specifically, Kohut stresses that his complaint alleges that CCB had a copy of his credit report which listed the Household debt so CCB knew that its reporting of the debt it had purchased from Household would cause a misleading duplicate listing. Kohut also suggests that CCB intentionally phrased its reporting of the Household debt in a misleading way to lead a reader of the credit report into thinking the second tradeline was for a different debt, thereby magnifying the debt's negative effect on Kohut's credit report.

The court's analysis as to CCB begins and ends with CCB's argument that Kohut's claim under §§ 1692e and 1692e(10) must fail because Kohut did not allege that CCB's report to TransUnion was inaccurate. The parties have not cited, and the court has been unable to locate, any factually similar cases where a plaintiff raised a double-reporting argument under the FDCPA.[4] Moreover, most of the cases brought under §§ 1692e and 1692e(10) involve the phrasing of dunning letters and thus are not helpful. *See e.g., Boyd v. Wexler*, 275 F.3d 642, 644

---

[3] Specifically, 15 U.S.C. § 1692(e) provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." In turn, 15 U.S.C. § 1692(e)(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

[4] The closest the court could come was a case involving letters sent out by a collection agency which erroneously reported the same debt twice using two different account numbers. *Morris v. Risk Management Alternatives, Inc.*, 203 F.R.D. 336 (N.D. Ill. 2001). This authority is inapposite because the collection agency in the instant case reported that two different attempts had been made to collect a debt and did not communicate with the plaintiff via letter.

(7th Cir. 2001). The court will, therefore, use the time-honored principles of statutory interpretation to decide if CCB's actions violate §§ 1692e and 1692e(10) of the FDCPA.

The parties agree that CCB's report was accurate.[5] This sounds the death knell for Kohut's FDCPA act claim against CCB because it is not false, deceptive, or misleading for CCB to tell a consumer credit reporting agency that it attempted to collect a debt that Kohut concedes is valid even if that leads to two records relating to the same debt in Kohut's credit report. As noted above, Household reported Kohut's debt after Kohut defaulted on a loan. Household then sold the debt to CCB, who also unsuccessfully tried to collect the debt. CCB, like Household, then also reported Kohut as delinquent.

Because Kohut does not claim that the information that CCB reported was itself inaccurate (instead, he claims that the effect of that report – the double entry – was inaccurate), it is not "false, deceptive, or misleading" to report that CCB was unable to collect a valid debt. This is true even if CCB knew that its report would lead to a duplicate entry for the same debt as it is not "false, deceptive, or misleading" to report that a consumer failed to pay a debt after it went to collection when that consumer also failed to pay the debt before it went to collection. Simply put, the FDCPA's proscription against "false, deceptive, or misleading" collection tactics does not cover CCB's reporting of its failure to collect a valid debt.

It is true that CCB's attempt to collect the debt and its subsequent report to TransUnion after it failed to do so may have the practical effect of exerting additional pressure on Kohut to

---

[5] Kohut claims that the report was incomplete because it did not include information such as an account number, but he does not point to any authority requiring a collection agency to include this type of information when furnishing information to a consumer credit reporting agency. Thus, his arguments about completeness do not go to whether the information that the report contains is, in fact, accurate. *See infra* at 6.

pay the debt. But the pressure caused by two reports of delinquency (pre- and post-collection) is not "false, deceptive, or misleading" under 1692e and 1692e(10) of the FDCPA because it arises out of the reporting of a valid debt. Indeed, if Kohut's "it's illegal for a collection agency to take action which amounts to turning the thumbscrews" argument was tenable, collection agencies would never be able to report delinquent accounts because they would thus necessarily negatively impact consumers' credit ratings. Sections 1692e and 1692e(10) of the FDCPA do not, however, go this far. Instead, they proscribe "false, deceptive, or misleading" reporting, as opposed to the reporting of accurate information that is detrimental to a consumer.

The court also notes that to the extent that Kohut is arguing that the report is misleading because it is inaccurate, the FCRA (not the FDCPA) contains a mechanism to correct the report and provides repercussions for furnishers who fail to follow the rules regarding the accuracy of consumer credit information.[6] If a collection agency knowingly reports inaccurate information to a consumer reporting agency in violation of the FCRA, it is unclear (because this issue is not before the court) whether the collection agency could also be liable under §§ 1692e and 1692e(10) of the FDCPA for using false, deceptive, or misleading means to collect a debt. Resolution of this issue will have to wait for another day as Kohut contests the propriety of CCB's report, which led to duplicate tradelines for the same debt, but does not challenge the accuracy of CCB's report. Accordingly, Count I (the FDCPA claim against CCB) is dismissed.

---

[6] The court includes this argument in the interests of completeness, despite the fact that it directly conflicts with Kohut's basic position, which is that CCB accurately reported the debt but should not have done so because that debt was already listed on Kohut's credit report.

## C. TransUnion – FCRA

Kohut contends that TransUnion violated the FCRA by failing to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681e. He also claims that TransUnion failed to conduct a proper reinvestigation of his debt. *See* 15 U.S.C. § 1681i.

### 1. Accuracy

The FCRA requires consumer credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e. Kohut argues that under § 1681e, TransUnion was required to take reasonable measures to prevent duplicate listings of the same debt in a manner that suggested the entries related to different debts. TransUnion contends that Kohut's § 1681e claim must be dismissed because Kohut does not dispute the accuracy of the information on his report and the exhibits attached to the complaint show that the tradelines are related and do not contain duplicative information.

In his response to the motion to dismiss, Kohut alleges that he sent a letter to TransUnion contesting the entries and that a person who can qualify as an expert witness has opined that TransUnion's entries are misleading and incorrect. While the court cannot consider materials outside the four corners of the complaint when ruling on a 12(b)(6) motion to dismiss, it can consider whether any facts consistent with the complaint's allegations demonstrate that the plaintiff can state a claim. *See, e.g., Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Given the facts that Kohut has hypothesized, the court cannot determine if the tradelines are accurate as a matter of law at the motion to dismiss stage. Thus, TransUnion's motion to dismiss Kohut's 15 U.S.C. § 1681e claim (Count II) is denied.

## 2. Disputed Debt

In Count III, Kohut alleges that TransUnion violated 15 U.S.C. § 1681i of the FCRA, which sets forth procedures for credit reporting agencies to follow when a consumer disputes a debt. To determine if a credit reporting agency conducted a reasonable investigation, the court must consider: (1) whether the consumer alerted the agency that the initial source of the information was unreliable; (2) whether the agency knew or should have known that the source was unreliable; and (3) the cost of verifying the accuracy of the source versus the possible harm of reporting inaccurate information. *Wade v. Equifax, Inc.*, No. 02 C 3205, 2003 WL 22089694 at *2 (N.D. Ill. Sep 08, 2003). The reasonableness of an investigation is generally a question of fact for the jury. *Id.*

As discussed above, the accuracy of the information in Kohut's credit report cannot be determined at the motion to dismiss stage. Similarly, the court cannot delve into what TransUnion did to investigate Kohut's dispute and whether its actions were reasonable. Accordingly, TransUnion's motion to dismiss Kohut's 15 U.S.C. § 1681i claim (Count III) is denied.

## III. Conclusion

For the above reasons, CCB's motion to dismiss Count I (15 U.S.C. §§ 1692e and 1692e(10)) is granted and TransUnion's motion to dismiss Count II (15 U.S.C. § 1681e) and Count III (15 U.S.C. § 1681i) is denied.

DATE: 8/9/04

Blanche M. Manning
United States District Judge

04cv2854.md